UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **HAROLD DARNALL,** ) | |
|     **Plaintiff,** ) | |
| **v.** ) | |
| ) | Case No. 08-2057 |
| **JAMES DALLUGE, et al.,** ) | |
|     **Defendants.** ) | |

# ORDER

In February 2008, Plaintiff Harold Darnall filed a Complaint (#1) against Defendants, James Dalluge, David Kloewer, Randy Johnson, Local Union No. 44 of the United Brotherhood of Carpenters and Joiners of America (hereinafter "Local Union"), Mid-Central Illinois Regional Council of the United Brotherhood of Carpenters and Joiners of America (hereinafter "Regional Council"), and United Brotherhood of Carpenters and Joiners of America (hereinafter "International Union"). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because the claims arise under the Labor-Management Reporting and Disclosure Act (29 U.S.C.A. §§ 411(a)(2), 412, and 529) (hereinafter "LMRDA"). The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.

In April 2008, Defendants Dalluge, Kloewer, Johnson, Local Union, and Regional Council filed a Motion To Dismiss Plaintiff's Complaint (#19). After reviewing the parties' pleadings and memoranda, this Court **DENIES** Defendants' Motion To Dismiss Plaintiff's Complaint **(#19).**

### I. Background

Plaintiff alleged the following information in his complaint. Plaintiff is a member of Defendant Local Union, which has its principal office in Champaign, Illinois. (#1, ¶¶ 2-3.) The Local Union is affiliated and bound by the bylaws of Defendant Regional Council, which is located in Springfield, Illinois. (#1, ¶ 4.) The Local Union and Regional Council are subordinate bodies of and bound by the constitution of Defendant International Union, which is located in Washington, D.C. (#1, ¶ 5.) Defendant Dalluge is the Executive Secretary-Treasurer and Business Manager of the Regional Council. (#1, ¶ 7.) Defendant Kloewer is the Business

Representative of the Local Union and works in that capacity for the Regional Council. Defendant Dalluge hired Defendant Kloewer. (#1, ¶ 8.) Defendant Randy Johnson is an Organizer affiliated with the Local Union and works in that capacity for the Regional Council. (#1, ¶ 9.) These individual defendants were acting within the scope of their employment with the Regional Council under color of their authority as an officer, employee, or agent of one or more of the union defendants. (#1, ¶ 10.)

Plaintiff alleges that on November 14, 2006, Defendant Kloewer imposed a three-day suspension on Rita Wassom, a clerical employee who worked for the Local Union, for being "abusive and profane" to him in October 2006. (#1, ¶ 12.) Because Ms. Wassom refused to leave before the end of her workday, Kloewer called the police. (#1, ¶ 12.) Kloewer asked the Executive Board of the Local Union to terminate Ms. Wassom's employment, but the Executive Board declined to do so. (#1, ¶ 13.) On November 20, 2006, Defendants Johnson, Kloewer, and Dalluge met with the Executive Board of the Local Union. (#1, ¶ 14.) At that meeting, Dalluge demanded that the Executive Board vote to terminate Ms. Wassom's employment and would not permit anyone to leave the room until they voted to terminate her. (#1, ¶ 14.) Dalluge threatened to take over the Local Union and merge it with two other locals, which would cause the Local Union to lose its pension and health and welfare funds. (#1, ¶ 14.) The Executive Board voted to terminate Ms. Wassom's employment. (#1, ¶ 14.) Plaintiff was not present at this meeting. (#1, ¶ 14.)

On November 28, 2006, Plaintiff circulated a petition to members of the Local Union during break times requesting that Ms. Wassom be reinstated to her position. (#1, ¶ 16.) On December 5, 2006, Defendant Kloewer filed a charge (hereinafter "First Charge") against Plaintiff with Defendant Regional Council. (#1, ¶ 17.) The First Charge alleged that Plaintiff had violated subsections 1, 5, 8, and 13 of Section 51(A) of the constitution of the International Union and Section 10 of the Work Rules of the Regional Council by approaching members

during their lunch time and asking them to sign a petition to reinstate Ms. Wassom. (#1, ¶¶ 18-19.)

Later in December 2006, Plaintiff sent a letter to Douglas McCarron, the president of the International Union, informing Defendant International Union about Ms. Wassom's termination, Plaintiff's petition, and the resulting charges against him. (#1, ¶ 20.) By letter dated January 19, 2007, Mr. McCarron denied any responsibility to do anything with regard to the issues in Plaintiff's letter. (#1, ¶ 20.)

In March 2007, while the First Charge was still pending, Defendant Kloewer filed another charge (hereinafter "Second Charge") against Plaintiff alleging that he had violated subsections 1, 8, and 13 of Section 51(A) of the International Union's constitution. (#1, ¶ 26.) The Second Charge was based on Plaintiff's February 2007 letter to Ms. Wassom's attorney describing events that took place during a Local Union meeting and statements made by a Schwann deliveryman at the Local Union office. (#1, ¶¶ 23-25.)

In April 2007, Regional Council delegates met regarding the First Charge. (#1, ¶ 21.) Plaintiff and Defendant Dalluge were present at this meeting. (#1, ¶ 21.) Dalluge told Plaintiff that he would not be permitted to present evidence or speak at this meeting. (#1, ¶ 21.) Plaintiff was "disgusted" with the way he was treated at this meeting, and he did not attend any further proceedings. (#1, ¶ 21.) In May 2007, Dalluge informed Plaintiff that he had been found guilty of the First Charge and had been fined a total of $4,646.50, which Plaintiff has not paid. (#1, ¶ 22.)

On July 17, 2007, Defendant Dalluge informed Plaintiff that he had been found guilty of the Second Charge and had been fined a total of $3,327.47. (#1, ¶ 27.) On July 17, 2007, Plaintiff went to the Local Union to pay his dues. (#1, ¶ 32.) Defendant Johnson told Plaintiff that he would not accept his dues unless Plaintiff first paid the fines for the First and Second

Charges. (#1, ¶ 32.) Johnson called Defendant Dalluge, who confirmed that Johnson was not to take Plaintiff's dues. (#1, ¶ 32.)

On July 24, 2007, Defendant Johnson sent Jacobsmeyer Maulden Construction Company, Plaintiff's employer, a letter stating that Plaintiff was no longer a member of the Local Union. (#1, ¶ 33.) Plaintiff never received written notice of his expulsion from the Local Union or the reasons for the expulsion. (#1, ¶ 35.) Plaintiff learned about his membership termination when he reported for work on July 17, 2007, and his supervisor told him that his employment was terminated because he was not a Union member. (#1, ¶ 31.) Later that month, Plaintiff attempted to appeal the Second Charge to the International Union, but received no response. (#1, ¶ 37.)

Plaintiff alleges two claims stemming from these events. First, Plaintiff alleges that the First Charge violated Plaintiff's rights under LMRDA because the circulation of the petition was protected speech under Section 101(a)(2) of LMRDA, and Section 609 of LMRDA prohibits Defendants from disciplining Plaintiff for circulating the petition. (#1, ¶ 39.) Defendant International Union's failure to intervene on Plaintiff's behalf was likewise unlawful. (#1, ¶ 41.) Because Count I raises a free speech claim, Plaintiff alleges that he is not required to exhaust his intra-union remedies prior to instituting this suit. (#1, ¶ 42.) Second, Plaintiff alleges that the Second Charge also violated Plaintiff's rights under LMRDA because Plaintiff's letter to Ms. Wassom's attorney was protected speech under Section 101(a)(2) of LMRDA, and Section 609 of LMRDA prohibits Defendants from disciplining Plaintiff for writing the letter. (#1, ¶ 48.) Defendant International Union's failure to intervene on Plaintiff's behalf or respond to Plaintiff's appeal was likewise unlawful. (#1, ¶ 50.) Because Count II raises a free speech claim, Plaintiff is not required to exhaust his intra-union remedies prior to instituting this suit. (#1, ¶ 51.) Plaintiff seeks union membership reinstatement; $25,000 in compensatory damages; $75,000 in punitive damages; payment to the Local Union Health and Welfare Fund and

Pensions Fund for the value of all contributions and payments that would have been made but for Plaintiff's loss of employment; reasonable attorney's fees; and costs of this action. (#1, ¶¶ 46, 56.)

## II.  Standard of Review
### A.  Subject Matter Jurisdiction

When ruling on a motion to dismiss due to lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept all well-pleaded facts as true and draw reasonable inferences in favor of the plaintiff. *Capital Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993); *Reuth v. U.S. Envtl. Prot. Agency*, 13 F.3d 227, 229 (7th Cir. 1993). The district court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction does in fact exist. *Capital Leasing*, 999 F.2d at 191. The party asserting federal jurisdiction bears the burden of establishing that jurisdiction does in fact exist. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

### B.  Failure To State a Claim

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true, and grants all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1965 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles." First, the plaintiff must plead sufficient facts to give fair notice of the claim and the grounds upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief,

"raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl.*, 127 S. Ct. at 1965, 1973 n.14).

*Bell Atlantic* did not eliminate the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations. *Bell Atl.*, 127 S. Ct. at 1964. It is still true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 127 S. Ct. at 1965. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

### III. Analysis

Defendants argue that the Court should dismiss both counts because Plaintiff failed to exhaust intra-union remedies. Defendants contend that because Plaintiff failed to exhaust his remedies, (1) the Court lacks subject-matter jurisdiction, and, alternatively, (2) Plaintiff failed to state a claim upon which relief may be granted. Defendants also contend that Plaintiff has not shown that his failure to exhaust intra-union remedies was excusable under the factors set forth in *Clayton v. Int'l Union, United Automobile, Aerospace & Agric. Implement Workers of Am.*, 451 U.S. 679 (1981).

In response, Plaintiff argues that his alleged failure to exhaust remedies does not implicate subject matter jurisdiction and that he did not have to plead the *Clayton* factors. In his complaint, Plaintiff expressly alleged that he did not have to exhaust his intra-union remedies because the First and Second Charges raise free speech claims. Alternatively, Plaintiff alleged that he did exhaust his remedies as to the Second Charge.

### A. Lack of Subject Matter Jurisdiction

Defendants first argue that because Plaintiff did not exhaust intra-union remedies, the Court lacks subject matter jurisdiction over Plaintiff's claims, and, therefore, the Court should dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1).

Defendants presented no case law to support this argument. The Court has subject matter jurisdiction pursuant to Section 412 of the LMRDA. 29 U.S.C. § 412. Furthermore, the exhaustion requirement does not implicate jurisdiction. The Northern District Court of Illinois has stated that because the provision in Section 411 of the LMRDA regarding exhaustion of remedies is permissive rather than mandatory language, "an alleged failure to exhaust has no impact on jurisdiction." *Hartge v. Int'l Alliance of Theatrical Stage Employees Union, AFL-CIO*, No. 01 C 5287, 2002 WL 1204784, at *1 (N.D. Ill. Jan. 11, 2002) (unreported) (citing *Chadwick v. Int'l Bhd. of Elec. Workers, Local Union No. 175*, 674 F.2d 939, 940-41 (D.C. Cir. 1982). Accordingly, the Court will not dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

### B. Failure To State a Claim

Defendants next argue that Plaintiff failed to state a claim upon which relief may be granted because Plaintiff did not exhaust his intra-union remedies prior to bringing suit in federal court. Specifically, Defendants contend that Plaintiff has not shown that his failure to exhaust was excusable based on the factors set forth in *Clayton*. *See Clayton*, 451 U.S. at 689 (stating that at least three factor are relevant to a court's consideration of whether to require exhaustion of internal union procedures: "first, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim"). Although *Clayton* discussed the requirements in the context of the Labor Management Relations Act (29 U.S.C. §185), the same factors apply to exhaustion of

remedies under LMRDA. *Bee v. Local 719, UAW*, 744 F. Supp. 835, 837 (N.D. Ill. 1990) (citing *Johnson v. Gen'l Motors*, 641 F.2d 1075, 1079 (2d. Cir. 1981)).

Plaintiff responds that he does not need to plead facts relating to the *Clayton* factors in order to state a claim. Plaintiff contends that *Clayton* does not articulate a pleading standard. Moreover, the three *Clayton* factors do not constitute the only grounds for excusing exhaustion. In support, Plaintiff relies on the Seventh Circuit's statement that the "factors enumerated in *Clayton* are not limitations on a court's discretion to excuse exhaustion. Rather, they represent what are perhaps the most common bases for forgiving a failure to pursue union remedies. Others certainly exist." *Stevens v. Nw. Ind. Dist. Council, United Bhd. of Carpenters*, 20 F.3d 720, 732 n.29 (7th Cir. 1994) (citations omitted). Alternatively, Plaintiff argues that one could infer from his complaint the futility of appealing his charges. Finally, Plaintiff argues that he is not required to exhaust his intra-union remedies because his claims are based on violations of free speech.

According to the Supreme Court, Congress established the LMRDA to counter "widespread abuses of power by union leadership." *Sheet Metal Workers' Int'l v. Lynn*, 488 U.S. 347, 352 (1989) (citing *Finnegan v. Leu*, 456 U.S. 431, 435 (1982)). In *Lynn*, the Court stated that the rights in the LMRDA parallel certain rights in the Constitution: "'Designed to guarantee every member equal voting rights, rights of free speech and assembly, and a right to sue,' the amendment was 'aimed at enlarged protection for members of unions paralleling certain rights guaranteed by the Federal Constitution.'" *Id*. (citing *Finnegan*, 456 U.S. at 435). Here, Plaintiff has alleged that the charges were based on his circulating a petition regarding reinstating Ms. Wassom's employment and on the letter he wrote to Ms. Wassom's attorney. Based on those allegations, the Court finds that Plaintiff's claims are based on violations of his right to free speech.

The Court recognizes that the Seventh Circuit generally favors exhaustion of intra-union remedies prior to bringing charges to federal court. *See Stevens*, 20 F.3d at 732-33; *Tinsley v. United Parcel Serv.*, 665 F.2d 778 (7th Cir. 1981); *Baldini v. Local Union No. 1095, Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW*, 581 F.2d 145 (7th Cir. 1978). However, in situations where fundamental rights are at issue, courts are more inclined to exercise their discretion and allow cases to proceed even though the claimant has not exhausted intra-union procedures. In a case similar to the one at bar, the Central District Court stated that "[e]xhaustion may not be required . . . when the complaint alleges a violation of free speech rights." *Maxwell v. United Auto., Aerospace & Agric. Implement Workers of Am., UAW*, 489 F. Supp. 745, 749-50 (C.D. Ill. 1980). The district court relied on a Second Circuit case in determining that free speech rights deserve special attention. *See Libutti v. DiBrizzi*, 337 F.2d 216, 219 (2nd Cir. 1964). Referring to fundamental rights, the Second Circuit stated as follows:

> When conceded or easily determined facts show a serious violation of the plaintiff's rights, the reasons for requiring exhaustion are absent: the commitment of judicial resources is not great; the risk of misconstruing procedures unfamiliar to the court is slight; a sufficient remedy given by the union tribunal would have to approximate that offered by the court. Where, as in this case, conceded facts show a serious violation of a fundamental right, we hold that plaintiffs need not exhaust their union remedies.

*Id.* The Central District court further explained that "courts are willing to intervene at an early stage in order to protect free speech rights." *Maxwell*, 489 F. Supp. at 750. This Court agrees with the *Maxwell* court's reasoning.

Here, Plaintiff's claims implicate fundamental rights because the sole basis for both counts in Plaintiff's complaint is the violation of his freedom of speech. Therefore, Plaintiff did not have to exhaust his intra-union remedies prior to bringing this suit in federal court. Accordingly, the Court denies Defendants' motion to dismiss on this basis.

## IV.  Summary

For the reasons set forth above, this Court **DENIES** Defendants' Motion To Dismiss Plaintiff's Complaint **(#19)**.

ENTER this 23rd day of July, 2008.

s/ DAVID G. BERNTHAL  
U.S. MAGISTRATE JUDGE
