UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **HAROLD DARNALL,** ) | |
|     **Plaintiff,** ) | |
| **v.** ) | |
| ) | Case No. 08-2057 |
| **JAMES DALLUGE, et al.,** ) | |
|     **Defendants.** ) | |

# ORDER

   In February 2008, Plaintiff Harold Darnall filed a Complaint (#1) against Defendants, James Dalluge, David Kloewer, Randy Johnson, Local Union No. 44 of the United Brotherhood of Carpenters and Joiners of America (hereinafter "Local Union"), Mid-Central Illinois Regional Council of the United Brotherhood of Carpenters and Joiners of America (hereinafter "Regional Council"), and United Brotherhood of Carpenters and Joiners of America (hereinafter "International Union"). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because the claims arise under the Labor-Management Reporting and Disclosure Act (29 U.S.C.A. §§ 411(a)(2), 412, and 529) (hereinafter "LMRDA"). The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.

   In May 2008, Defendant International Union filed a Motion To Dismiss and Request for Oral Argument (#21). After reviewing the parties' pleadings and memoranda, this Court **GRANTS** Defendant's Motion To Dismiss and Request for Oral Argument **(#21)** in part and **DENIES** it in part.

## I. Background

   Plaintiff alleged the following information in his complaint. Plaintiff is a member of Defendant Local Union, which has its principal office in Champaign, Illinois. (#1, ¶¶ 2-3.) The Local Union is affiliated and bound by the bylaws of Defendant Regional Council, which is located in Springfield, Illinois. (#1, ¶ 4.) The Local Union and Regional Council are subordinate bodies of and bound by the constitution of Defendant International Union, which is located in Washington, D.C. (#1, ¶ 5.) Defendant Dalluge is the Executive Secretary-Treasurer

and Business Manager of the Regional Council.  (#1, ¶ 7.)  Defendant Kloewer is the Business Representative of the Local Union and works in that capacity for the Regional Council.  Defendant Dalluge hired Defendant Kloewer.  (#1, ¶ 8.)  Defendant Randy Johnson is an Organizer affiliated with the Local Union and works in that capacity for the Regional Council.  (#1, ¶ 9.)  These individual defendants were acting within the scope of their employment with the Regional Council under color of their authority as an officer, employee, or agent of one or more of the union defendants.  (#1, ¶ 10.)

Plaintiff alleges that on November 14, 2006, Defendant Kloewer imposed a three-day suspension on Rita Wassom, a clerical employee who worked for the Local Union, for being "abusive and profane" to him in October 2006.  (#1, ¶ 12.)  Because Ms. Wassom refused to leave before the end of her workday, Kloewer called the police.  (#1, ¶ 12.)  Kloewer asked the Executive Board of the Local Union to terminate Ms. Wassom's employment, but the Executive Board declined to do so.  (#1, ¶ 13.)  On November 20, 2006, Defendants Johnson, Kloewer, and Dalluge met with the Executive Board of the Local Union.  (#1, ¶ 14.)  At that meeting, Dalluge demanded that the Executive Board vote to terminate Ms. Wassom's employment and would not permit anyone to leave the room until they voted to terminate her.  (#1, ¶ 14.)  Dalluge threatened to take over the Local Union and merge it with two other locals, which would cause the Local Union to lose its pension and health and welfare funds.  (#1, ¶ 14.)  The Executive Board voted to terminate Ms. Wassom's employment.  (#1, ¶ 14.)  Plaintiff was not present at this meeting.  (#1, ¶ 14.)

On November 28, 2006, Plaintiff circulated a petition to members of the Local Union during break times requesting that Ms. Wassom be reinstated to her position.  (#1, ¶ 16.)  On December 5, 2006, Defendant Kloewer filed a charge (hereinafter "First Charge") against Plaintiff with Defendant Regional Council.  (#1, ¶ 17.)  The First Charge alleged that Plaintiff had violated subsections 1, 5, 8, and 13 of Section 51(A) of the constitution of the International

Union and Section 10 of the Work Rules of the Regional Council by approaching members during their lunch time and asking them to sign a petition to reinstate Ms. Wassom. (#1, ¶¶ 18-19.)

Later in December 2006, Plaintiff sent a letter to Douglas McCarron, the president of the International Union, informing Defendant International Union about Ms. Wassom's termination, Plaintiff's petition, and the resulting charges against him. (#1, ¶ 20.) By letter dated January 19, 2007, Mr. McCarron denied any responsibility to do anything with regard to the issues in Plaintiff's letter. (#1, ¶ 20.)

In March 2007, while the First Charge was still pending, Defendant Kloewer filed another charge (hereinafter "Second Charge") against Plaintiff alleging that he had violated subsections 1, 8, and 13 of Section 51(A) of the International Union's constitution. (#1, ¶ 26.) The Second Charge was based on Plaintiff's February 2007 letter to Ms. Wassom's attorney describing events that took place during a Local Union meeting and statements made by a Schwann deliveryman at the Local Union office. (#1, ¶¶ 23-25.)

In April 2007, Regional Council delegates met regarding the First Charge. (#1, ¶ 21.) Plaintiff and Defendant Dalluge were present at this meeting. (#1, ¶ 21.) Dalluge told Plaintiff that he would not be permitted to present evidence or speak at this meeting. (#1, ¶ 21.) Plaintiff was "disgusted" with the way he was treated at this meeting, and he did not attend any further proceedings. (#1, ¶ 21.) In May 2007, Dalluge informed Plaintiff that he had been found guilty of the First Charge and had been fined a total of $4,646.50, which Plaintiff has not paid. (#1, ¶ 22.)

On July 17, 2007, Defendant Dalluge informed Plaintiff that he had been found guilty of the Second Charge and had been fined a total of $3,327.47. (#1, ¶ 27.) On July 17, 2007, Plaintiff went to the Local Union to pay his dues. (#1, ¶ 32.) Defendant Johnson told Plaintiff that he would not accept his dues unless Plaintiff first paid the fines for the First and Second

3

Charges. (#1, ¶ 32.) Johnson called Defendant Dalluge, who confirmed that Johnson was not to take Plaintiff's dues. (#1, ¶ 32.)

On July 24, 2007, Defendant Johnson sent Jacobsmeyer Maulden Construction Company, Plaintiff's employer, a letter stating that Plaintiff was no longer a member of the Local Union. (#1, ¶ 33.) Plaintiff never received written notice of his expulsion from the Local Union or the reasons for the expulsion. (#1, ¶ 35.) Plaintiff learned about his membership termination when he reported for work on July 17, 2007, and his supervisor told him that his employment was terminated because he was not a Union member. (#1, ¶ 31.) Later that month, Plaintiff attempted to appeal the Second Charge to the International Union, but received no response. (#1, ¶ 37.)

Plaintiff alleges two claims stemming from these events. First, Plaintiff alleges that the First Charge violated Plaintiff's rights under LMRDA because the circulation of the petition was protected speech under Section 101(a)(2) of LMRDA, and Section 609 of LMRDA prohibits Defendants from disciplining Plaintiff for circulating the petition. (#1, ¶ 39.) Defendant International Union's failure to intervene on Plaintiff's behalf was likewise unlawful. (#1, ¶ 41.) Because Count I raises a free speech claim, Plaintiff alleges that he is not required to exhaust his intra-union remedies prior to instituting this suit. (#1, ¶ 42.) Second, Plaintiff alleges that the Second Charge also violated Plaintiff's rights under LMRDA because Plaintiff's letter to Ms. Wassom's attorney was protected speech under Section 101(a)(2) of LMRDA, and Section 609 of LMRDA prohibits Defendants from disciplining Plaintiff for writing the letter. (#1, ¶ 48.) Defendant International Union's failure to intervene on Plaintiff's behalf or respond to Plaintiff's appeal was likewise unlawful. (#1, ¶ 50.) Because Count II raises a free speech claim, Plaintiff is not required to exhaust his intra-union remedies prior to instituting this suit. (#1, ¶ 51.) Plaintiff seeks union membership reinstatement; $25,000 in compensatory damages; $75,000 in punitive damages; payment to the Local Union Health and Welfare Fund and

Pensions Fund for the value of all contributions and payments that would have been made but for Plaintiff's loss of employment; reasonable attorney's fees; and costs of this action. (#1, ¶¶ 46, 56.)

## II. Standard

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true, and grants all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly,* --- U.S. ----, 127 S. Ct. 1955, 1965 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles": First, the plaintiff must plead sufficient facts to give fair notice of the claim and the grounds upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl.*, 127 S. Ct. at 1965, 1973 n.14).

*Bell Atlantic* did not eliminate the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations. *Bell Atl.*, 127 S. Ct. at 1964. It is still true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 127 S. Ct. at 1965. If the

factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

### III.  Analysis

Defendant International Union argues that the Court should dismiss both counts in Plaintiff's complaint because (1) Plaintiff failed to exhaust his intra-union remedies; (2) the International Union has no duty to intervene in the affairs of its subordinate bodies; and (3) the International Union is not responsible for the alleged actions of its subordinate bodies.

### A.  Exhaustion of Intra-Union Remedies

In a previous order, the Court found that Plaintiff's claims, as alleged, were based on violations of a fundamental right, Plaintiff's right to free speech.  (Order, #45.)  As a result, the Court declined to dismiss the claims against Defendants Local and Regional Unions based on Plaintiff's failure to exhaust his intra-union remedies.  *See Maxwell v. United Auto., Aerospace & Agric. Implement Workers of Am., UAW*, 489 F. Supp. 745, 749-50 (C.D. Ill. 1980) ("Exhaustion may not be required . . . when the complaint alleges a violation of free speech rights.").  The same reasoning applies to the argument to dismiss the claims against Defendant International Union for failure to exhaust intra-union remedies.  Accordingly, the Court recommends denying the motion to dismiss on this basis.

### B.  Liability of International Union

Defendant International Union also argues that it had no duty to intervene in the affairs of its subordinate bodies.  In support, Defendant referred to a case in which the Second Circuit held that "[a]n international union has no independent duty to intervene in the affairs of its local chapters, even where the international has knowledge of the local's unlawful acts."  *Phelan v. United Ass'n of Journeymen of Plumbing Indus. Local 305*, 973 F.2d 1050, 1061 (2d Cir. 1992) (citing *Carbon Fuel Co. v. United Mine Workers of Am.*, 444 U.S. 212, 217-18 (1979)).

In *Carbon Fuel*, the Supreme Court distinguished between an international union's liability for conduct of its local and regional subdivisions and the union's liability for its *own* conduct. *Carbon Fuel*, 444 U.S. at 217-18. Regarding liability for an international union's own conduct, the Court stated: "In the face of Congress' clear statement of the limits of an international union's legal responsibility for the acts of one of its local unions, it would be anomalous to hold that an international is nonetheless liable for its failure to take certain steps in response to actions of the local." *Id. See, e.g., Scott v. Graphic Commc'ns Int'l Union, Local 97-B*, 92 Fed. App'x 896, 905-06 (3d Cir. 2004) (stating, in a summary judgment case, that the international union had no duty to intervene even when it was aware of the conduct at issue and also stating that the international union did not authorize and ratify the allegedly improper conduct by failing to intervene).

On the other hand, an international union's liability for conduct of subordinate unions is based on the common law of agency. For example, in *Carbon Fuel* (where the claim was for breach of contract)*,* the Court made it clear that the international union's liability would be governed by common law rules of agency as provided expressly in Section 301(e) of the Labor Management Relations Act (29 U.S.C. § 185) (hereinafter "LMRA"). *Carbon Fuel*, 444 U.S. at 216-17. Although this case involved the LMRA rather than the LMRDA, the same considerations apply to both statutes. *See Phelan*, 975 F.2d 1050 (addressing LMRDA claims).

Plaintiff did not respond directly to Defendant International Union's argument or authority on the issue of an international union's duty to intervene. Instead, Plaintiff acknowledged that the case law cited by Defendant "support[s] the conclusion that International Union's liability in this case does not follow automatically from the liability of the other defendants." (#29, p. 7.) *See Phelan*, 975 F.2d at 1062 (stating that common agency principles govern an international union's liability for actions of its local chapters or their officers).

7

Plaintiff contends that Defendant is premature in arguing that Plaintiff has not pled sufficient facts to state a claim for liability based on the other Defendants' alleged conduct.  Alternatively, Plaintiff asks for permission to amend his complaint.

Plaintiff's arguments are focused on Defendant International Union's liability for the acts of other Defendants rather than on Defendant's liability for its own actions.  However, a plaintiff cannot amend his complaint through arguments presented in his legal memorandum.  *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993).  Plaintiff's complaint alleges only a failure to intervene (Count I) or a failure to intervene or respond (Count II) based on Defendant's own conduct.  In the context of the complaint, the Court construes these statements as alleging that the failure to intervene was based on International Union's own conduct.  Therefore, the Court will address the arguments as they relates to an independent duty to intervene; the Court will not consider arguments related to agency, ratification, or vicarious liability at this time.

Because an international union has "no independent duty to intervene in the affairs of its local chapters" (*Phelan*, 973 F.2d at 1061), the Court agrees that Plaintiff has failed to state a claim against Defendant International Union for liability based on its own actions.  Therefore, the Court grants Defendant's motion to dismiss the claims against Defendant International Union.

## IV.  Summary

For the reasons set forth above, this Court **GRANTS** Defendant International Union's Motion To Dismiss and Request for Oral Argument **(#21)** as to the claims against International Union and **DENIES** it as to Defendant's request for oral argument.  Because it is conceivable that Plaintiff can amend his complaint to state a claim against Defendant International Union, the dismissal shall be without prejudice, and Plaintiff shall be granted leave to file an amended

complaint within fourteen (14) days of this order.  If Plaintiff chooses to amend his complaint, the Court reminds Plaintiff that Rule 10(b) of the Federal Rules of Civil Procedure indicates that each claim must be stated in a separate count where doing so would promote clarity.

ENTER this 23rd day of July, 2008.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE